O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY and GE AVIATION SYSTEMS LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ERWIN WENTI LIANG,<br><br>　　　　Defendant. | Case No. CV 13-08670 DDP (VBKx)<br><br>**ORDER DENYING MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL INVESTIGATION**<br><br>[DKT No. 44.] |

　　Before the court is Defendant Erin Wenti Liang ("Liang")'s Motion to Stay Civil Action Pending Resolution of Criminal Investigation. (DKT No. 44.) Plaintiffs General Electric Company and GE Aviation Systems LLC (collectively, "GE") oppose the Motion. The Motion is fully briefed and suitable for adjudication without oral argument. Having considered the parties' submissions, the court denies the Motion for the following reasons.

**I.　Background**

　　In this action, GE asserts various claims arising from Liang's alleged unauthorized copying of a substantial quantity of computer

files containing confidential intellectual property.

Defendant Liang was employed as an engineer by Plaintiff GE Aviation until December 2012, when the segment of GE Aviation in which he worked was acquired by a third party, Woodward HRT, Inc. ("Woodward"). (See Complaint ¶¶ 15-16.) He subsequently worked for Woodward. During a transitional period, GE Aviation permitted Woodward employees to retain access to GE computers for GE-Woodward-related activities for approximately one-year. (Id. ¶ 16.) GE alleges that during this period, and particularly during the final weeks in which he would have such access, Liang downloaded a large number of files unrelated to this scope of work to a personal storage device. (Id. ¶¶ 16-17.)

On November 25, 2013, GE filed the instant action, asserting claims for violations of the Fraud and Abuse Act (18 U.S.C. §§ 1030); violations of the Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502); trade secret appropriation (Cal. Civ. Code §§ 3426-3426.11); breach of contract; conversion; and unfair competition (Cal. Bus. & Prof. Code § 17200 et seq.)

On November 26, 2013, GE filed a Motion for Entry of Preliminary Injunction. (DKT No. 7.) Liang did not oppose the motion. On December 3, 2013, the court issued the requested Preliminary Injunction, directing Liang to immediately:

> (1) return all GE Intellectual Property in his possession, custody, or control;
>
> (2) cease further access to, disclosure or use of any GE Intellectual Property to prevent the ongoing misappropriation of GE's trade secrets; and

```
       (3) preserve documents that are relevant to the parties'
           claims or defenses or likely to lead to the discovery of
           admissible evidence.
```
(DKT No. 14 at 3.)

Liang asserts that the Federal Bureau of Investigation and United States Attorneys' Office are conducting an investigation of Liang in advance of a possible criminal prosecution stemming from the same conduct alleged by GE in the present action. (See Declaration of Abraham Matthew in Support of Motion to Stay ¶¶ 4 & 6.) Liang asserts that on October 25, 2013, FBI agents executed search and seizure warrants of Liang's home and automobiles. (Id. ¶ 7.) He asserts that a Grand Jury has since been convened and taken testimony in connection with the investigation of Liang. (Id. ¶ 8.) However, at present, the U.S. Attorney's Office has not made a decision as to whether to charge Liang with a crime. (Id. ¶ 9.)

On February 5, 2014, Liang filed the instant Motion to Stay, requesting that the court stay the present civil action pending the resolution of the criminal investigation or, in the alternative, order a "limited discovery stay" of 90 or 180 days. (DKT No. 44.) Liang asserts that such a stay is necessary to protect his Fifth Amendment rights in connection with the criminal investigation.

## II. Legal Standard

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (citation and quotation marks omitted). Indeed, "[i]n the absence of substantial prejudice to the rights of the parties involved,

3

[simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." (Id. (citing Securities & Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1375 (D.C. Cir. 1980), cert. denied, 449 U.S. 993 (1980).) Nevertheless, a court may exercise its discretion to stay a civil proceeding "when the interests of justice seem[] to require such action." United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970).

A court's decision regarding whether to stay a civil proceeding pending the resolution of a parallel criminal proceeding is to be made "in light of the particular circumstances and competing interests involved in the case." Keating, 45 F.3d at 324 (citation omitted). "This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated." Id. (citation and quotation marks omitted). In addition, the decisionmaker should consider:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 324-25.

**III. Discussion**

The court considers the circumstances of the present case in light of each Keating factor.

**Implication of Defendants' Fifth Amendment Rights**

Initially, the court must determine "the extent to which the defendant's fifth amendment rights are implicated." Id. at 324. Liang contends that if the court denies the Motion and allows GE to conduct discovery, Liang would be placed in the situation of having to choose between maintaining his constitutional right against self-incrimination and properly preparing his defense in the instant civil action. (Motion at 7.) In particular, he asserts that, if GE is permitted to conduct discovery, Liang "would be forced to invoke his Fifth Amendment right against self-incrimination in order to avoid producing documents and information which could be used by the government to prosecute him for criminal activities." (Id.) He asserts that this circumstance would impede his ability to put on an effective defense against GE in the instant civil action. (Id.)

Liang's contention is not without some force. Most significantly, that the criminal investigation is apparently focused on the same underlying conduct as the civil action--Liang's alleged unauthorized copying of GE's computer files--increases the likelihood that documents or testimony in the civil action may be used against him in a potential criminal prosecution. (See Mathew Decl. ¶¶ 5-8; Declaration of Kevin C. Swailes in Support of GE's Motion for Preliminary Injunction ¶¶ 16-17.) See eBay, Inc. v. Digital Point Solutions, Inc., 2010 WL 702463 at *3 (N.D. Cal. Feb. 25, 2010) (stay may be warranted when simultaneous civil and

criminal proceedings involve "same or closely related facts") (citation omitted). The apparent cooperation between GE and FBI investigators buttresses these concerns. (See Mathew Decl. ¶¶ 5-6; Swailes Decl. ¶ 16.) See eBay, 2010 WL 702463 at *4 (collaboration between plaintiffs and government investigators relevant to extent of Fifth Amendment interest).

However, the basis for staying the civil action here is significantly diminished by the fact that Liang has not been charged with any crime. As the Ninth Circuit has explained, "[t]he case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned...'" Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989) (quoting Dresser Indus., 628 F.2d at 1376.) See also eBay at 2010 WL 702463 *3 ("The potential prejudice to a civil defendant facing a parallel criminal investigation is more remote than it is for an indicted defendant, and the delay to the plaintiff is potentially indefinite") (citations and internal quotation marks omitted); Applied Materials, Inc. v. Semiconductor Spares, Inc., 1995 WL 261451 at *3 (N.D. Cal. Apr. 26, 1995) (finding the defendant's Fifth Amendment privilege to be "far weaker" than if he had already been indicted).

As Liang notes, a stay should not be categorically denied solely because the defendant has not been indicted. (Mot. at 10.) However, the court does not have before it any indicia that an indictment is imminent or other facts that have generally been present where courts have granted stays pending the resolution of criminal proceedings. See, e.g., Chao, 498 F.Supp.2d at 1040 (stay granted where the government advised the court that it had sufficient evidence to seek an indictment, "suggest[ing] that an

6

indictment is not far off."); Taylor, Bean & Whitaker Mortgage Corp. v. Triduanum Fin., Inc., 2009 WL 2136986 at * 3 (E.D. Cal. July 15, 2009) (stay granted where two of three defendants in the civil action had already been indicted for their alleged participation a fraud scheme in which the plaintiffs alleged that the third defendant was also involved); Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526-29 (D.N.J. 1998) (stay granted where prosecutors in a parallel criminal investigation supported stay on the grounds that discovery in the civil proceeding could impede the criminal case by disclosing testimony of government witnesses). In contrast, in the present case, there are no facts before the court suggesting that an indictment is imminent or other facts strongly supporting a stay.

On balance, given the lack of a criminal indictment or any information concerning the status or scope of the criminal investigation, the court concludes that Liang has real but diminished Fifth Amendment interests which must be considered in light of the other Keating factors, as discussed below. See eBay 2010 WL 702463 at *4.

**Other Keating Factors**

**(1)  Plaintiffs' Interest**

GE asserts that a stay of the civil action would prevent it from obtaining the discovery required to secure full preliminary injunctive relief and thereby subject it to potential further irreparable harm arising from the dissemination of its trade secrets to third parties. (Opposition at 8.) In particular, GE asserts that discovery is required to (1) learn what happened to its intellectual property, including the identities of any "Doe"

7

defendants who received such property, (2) prevent the further dissemination and use of such property through possible further injunctive relief proceedings, and (3) remediate, if possible, any harm that has already been inflicted by obtaining the return of its intellectual property. (Id. at 9.) It further asserts that discovery is necessary to enure that Liang is complying with the court's December 3, 2013 Preliminary Injunction. (Id.)

Liang's principal argument in response is that GE's interests are already protected by the Preliminary Injunction. As noted, the injunction requires Liang to "cease further access to, disclosure or use of any GE Intellectual Property to prevent the ongoing misappropriation of GE's trade secrets." (DKT No. 14 at 3.) Liang asserts that he can be expected to comply with the Preliminary Injunction given that he did not oppose its issuance and that he will subject himself to further court orders and discipline if he violates it by disclosing any GE trade secrets in his possession to third parties. (Reply at 14.) Liang also asserts that GE's concerns are speculative because GE has not set forth any evidence that third parties have been provided any trade secrets or that Liang has disclosed any trade secrets. (Id.)

The court concludes that GE's interests in proceeding with its civil action are substantial. Discovery can be vital to enable a plaintiff "to identify the identities of potential defendants and sources of recovery and to evaluate the need for any further injunctive relief" beyond that which has been ordered. Rose v. Abraham, 2008 WL 3540542 (E.D. Cal. Aug. 13, 2008) (allowing expedited discovery where a temporary protective order and writ of attachment had already been issued). GE has significant interests

in determining whether, and if so to whom, its trade secrets may have been disclosed so that it can seek any necessary further preliminary injunctive relief. The Preliminary Injunction does not obviate GE's interests, both because disclosure could have occurred prior to the injunction's issuance and because the existence of an injunction does not guarantee compliance with its terms, particularly if there is no means to verify compliance, as would appear to be the case here absent discovery. The fact that Liang has not returned any material to GE despite the Preliminary Injunction's requirement that Liang "return all GE Intellectual Property in his possession, custody, or control" gives further weight to GE's concern regarding Liang's compliance with the injunction. (See Declaration of Angelique Kaounis in Support of GE's Opposition to Motion to Stay ¶¶ 3-6; DKT No. 14 at 3.)

**(2)  Burden on Defendant**

The court previously alluded to the burden on Liang if a stay is not granted: Liang may be forced to invoke the Fifth Amendment in the civil case in order to avoid giving testimony or producing documents which could be used against him by the government in a potential criminal prosecution or increase the likelihood of such a prosecution. For instance, GE likely will question Liang through depositions or interrogatories regarding whether he downloaded the computer files at issue; Liang may wish to decline to answer on the ground that his answer may incriminate him. (Mot. at 7.) Likewise, Liang may wish to avoid producing requested documents where the "act of production" has a testimonial component, and is therefore subject to the Fifth Amendment, because it implicitly confirms his custody or possession of the documents. (Mot. at 7-8 (citing United

9

States v. Hubbell, 530 U.S. 27 (2010).) Yet invoking the Fifth Amendment in these manners may hinder Liang's ability to put on an effective defense in the civil action. (See Mot. at 7, 12.)

While this circumstance undoubtedly places Liang in a difficult situation, the Ninth Circuit explained in Keating that conflicts of this sort do not necessarily justify staying a civil action pending resolution of the criminal proceeding:

> A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

Keating, 45 F.3d at 326 (citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).) In other words, absent other compelling factors as described in Keating, the burden of which Liang complains is one he may be required to bear.

Moreover, certain aspects of the instant case appear to diminish the Fifth Amendment-related burden on Liang. Most significant, as Liang has acknowledged, the government executed search warrants on Liang's home and automobiles in relation to his allegedly unauthorized downloading of GE's computer files. (Matthew Decl. ¶ 7.) GE asserts that the production of such records in the civil action is not protected by the Fifth Amendment on the basis of the "foregone conclusion" doctrine. This doctrine, as set forth in Fisher v. United States, 425 U.S. 391, 410 (1976), holds that,

10

even if the production of records inherently communicates possession, such production is not protected by the Fifth Amendment unless it communicates something of which the government is not already aware. Contrary to Liang's suggestion that GE cannot invoke the foregone conclusion doctrine because "only the government has standing" to do so, (Reply at 12), the court is aware of no authority holding that the plaintiff in a civil action may not invoke the doctrine to defeat Fifth Amendment-based objections to discovery requests. See eBay, Inc v. Digital Point Solutions, Inc., 2010 WL 147967 (N.D. Cal. Jan. 12, 2010) ("While the Fifth Amendment prohibits compelling acts that are testimonial and incriminating, Defendants cannot incriminate themselves merely by turning over information already in the hands of the government agents investigating them.") (internal citation omitted); Henry v. Sneiders, 490 F.2d 315 (9th Cir.1974) (rejecting defendant's assertion of Fifth Amendment privilege on the grounds that, "even if the records were incriminating, their disclosure in the civil case would not have tended to incriminate the defendant. Any incriminating information was already in the hands of the prosecuting authorities.") The court is not prepared to rule on the record before it that the "forgone conclusion" doctrine applies in this case, precluding Fifth Amendment challenges. However, the fact that the government has already executed search warrants in relation to the same subject matter at issue here does raise questions as to the extent of the burden facing Liang vis-a-vis the production of documents.

Moreover, Liang's Fifth Amendment concerns can and should be addressed during discovery through appropriate objections on a

11

question by question basis. See, e.g., Hoffman v. United States, 341 U.S. 479, 486 (1951); Davis v. Fendler, 650 F.2d 1154, 1158 (9th Cir. 1981). Finally, if he finds it necessary, Liang may also explain in motions in limine why the trier of fact should not be made aware that he invoked the Fifth Amendment, or should not draw an adverse inference on the basis that Liang has done so, with respect to particular discovery requests. See, e.g., Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1265 (9th Cir. 2000).

**(3)   Convenience of the Court and Judicial Efficiency**

As GE notes, this factor typically weighs against the granting of a stay. (Opp. at 14.) As a general matter, "the court [has] an interest in clearing its docket." Molinaro, 889 F.2d at 903; eBay, 2010 WL 702463 at *3. This is particularly so where--as here--no indictment has been returned and "there is no way to predict when the criminal investigation [will] end." Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 528 (D.N.J. 1998).

Liang argues that if the civil case goes forward, the court is likely to be burdened with various discovery motions involving Liang's invocation of his Fifth Amendment rights. (Mot. at 15.) He also asserts that, by allowing the criminal investigation to come to a conclusion, a stay may obviate discovery disputes, eliminate the need for certain discovery, or result in settlement. (Id.) However, the court agrees with the reasoning of the eBay court which, facing essentially the same arguments, concluded that the consequence of a stay would be unclear in the absence of an indictment and "the extent to which common issues would be resolved

12

in a criminal proceeding is speculative when no criminal charges actually are pending." eBay, 2010 WL 702463 at *2.

Accordingly, the court concludes that convenience in managing its cases and interests of judicial efficiency are best served by declining to stay the instant action.

**(4)  Interests of Persons Not Parties to the Civil Litigation**

The court is not aware of any non-parties whose interests would be affected by the court's decision as to whether to stay the instant action.[1]

**(5)  Interest of the Public**

This factor is neutral. As Liang notes, as a general matter, the public has an interest in ensuring that the criminal process is not undermined by ongoing civil cases. (Mot. at 16 (citing Douglas v. United States, 2006 WL 2038375 at *1 (N.D. Cal. July 17, 2006)). Indeed, there are circumstances in which "the public's interest in the integrity of the criminal case takes precedence over the interests of the civil litigant." eBay, 2010 WL 702463 at * 6 (internal quotation marks and citations omitted). However, where--as here--"the timing and scope of [any] potential indictment are unknown," id. at *2, the risk of an unfair criminal proceeding must be given less weight because such concerns are necessarily speculative. Moreover, the public's interest in relation to

---

[1] Referring to the "Doe" defendants whom GE seeks to identify through discovery, GE contends that "unidentified third parties are implicated here." (Opp. at 15-16.) However, GE's interest in identifying relevant third parties does not speak to those third parties' interests relative to the instant motion. The court therefore gives little weight to GE's argument as to this factor.

13

potential criminal proceedings must be set against the public's interest in the speedy resolution of a plaintiff's civil claim, in this case that of GE. See Keating, 45 F.3d at 326. Neither party has advanced persuasive arguments as to why this factor significantly supports their position.

On balance, the court concludes that the Keating factors weigh against staying the instant civil matter. The facts that the court considers most significant in reaching this decision are that Liang has not been indicted and there is no evidence before the court indicating that an indictment is imminent.

**IV. Conclusion**

For the reasons set forth above, Defendant Liang's Motion to Stay Civil Action Pending Resolution of Criminal Investigation is DENIED. Liang's request to stay discovery for a specified period is also DENIED.

Dated: March 19, 2014

Hon. Dean D. Pregerson
UNITED STATES DISTRICT JUDGE

14