SCOTT A. EDELMAN, SBN 116927
sedelman@gibsondunn.com
ANGELIQUE KAOUNIS, SBN 209833
akaounis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone:  310.552.8500
Facsimile:   310.551.8741

Attorneys for Plaintiffs
GENERAL ELECTRIC COMPANY
and GE AVIATION SYSTEMS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| General Electric Company, and GE Aviation Systems LLC,<br><br>             Plaintiffs,<br><br>      v.<br><br>Erwin Wenti Liang, Does 1-10,<br><br>             Defendants. | CASE NO. 13CV-08670-DDP (CWx)<br>_____<br><br>**DISCOVERY MATTER:<br>STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), the Parties hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential or other non-public information produced by the Parties or any third parties in connection with this proceeding, whether pursuant to compulsory process or voluntarily, is not improperly used or disclosed.  Accordingly, the parties, by their undersigned counsel, hereby stipulate, subject to approval and entry by the Court, as follows:

1. **PURPOSE**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which a Party may believe special protection from disclosure to the public or a Party warranted.

2. **DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and Designated Counsel (as well as their support staff).

2.3 <u>Designated Counsel</u>: Counsel other than Outside Counsel of Record who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter, as agreed by the Parties or ordered by the Court.

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this case who (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (b) is not a current employee of a Party's competitor (which for purposes of this protective order shall mean (i) any company that competes with Plaintiffs General Electric Company or GE Aviation Systems LLC, or (ii) any entity that is owned in whole or in part by such company), and (c) at the time of retention is not anticipated to become an employee of a Party's competitor—*i.e.*, is not in the process of applying for or negotiating employment with such competitor.

2.6 <u>Confidentiality Designations</u>:

(a) "<u>CONFIDENTIAL</u>" Information or Items means information that is not publicly available; and

(b) "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" Information or Items means extremely sensitive information or items, including but not limited to any information that GE claims is a trade secret in this action, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm and/or

1   irreparable injury that could not be avoided by less restrictive means.

2       2.7   Non-Party: any natural person, partnership, corporation, association, or
3   other legal entity not named as a Party.

4       2.8   Outside Counsel of Record: attorneys who are not employees of a Party
5   but are retained to represent or advise a Party and have appeared in this action on
6   behalf of that Party or are affiliated with a law firm which has appeared on behalf of
7   that Party.

8       2.9   Party: any party to this action, including all of its officers, directors,
9   employees, consultants, retained experts, and Outside Counsel of Record (and their
10  support staffs).

11      2.10  Producing Party: a Party or Non-Party that produces Protected Material
12  in this action.

13      2.11  Professional Vendors: persons or entities that provide litigation support
14  services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or
15  demonstrations, and organizing, storing, or retrieving data in any form or medium) and
16  their employees and subcontractors, including mock jurors.

17      2.12  Protected Material: all items or information, regardless of the medium or
18  manner in which it is generated, stored, or maintained (including, among other things,
19  testimony, transcripts, and tangible things), that are produced or generated in
20  disclosures or responses to discovery in this matter and are designated as
21  "CONFIDENTIAL" or ""HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY".

23      2.13  Receiving Party: a Party that receives Protected Material from a
24  Producing Party.

25  3.  **SCOPE**

26  The protections conferred by this Order cover not only Protected Material (as
27  defined above), but also (1) any information copied or extracted from Protected
28  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

1  and (3) any deposition testimony, conversations, or presentations by Parties or their
2  Counsel that might reveal Protected Material. However, the protections conferred by
3  this Order do not cover the following information: (a) any information that is in the
4  public domain at the time of disclosure to a Receiving Party or becomes part of the
5  public domain after its disclosure to a Receiving Party as a result of publication not
6  involving a violation of this Order; and (b) any information lawfully known to the
7  Receiving Party prior to the disclosure or obtained by the Receiving Party after the
8  disclosure from a source who obtained the information lawfully and under no
9  obligation of confidentiality to the Designating Party.

10 Nothing in this Protective Order shall prevent disclosure of Protected Material if
11 the Designating Party or its Counsel consents to such disclosure in writing, or if the
12 Court orders or allows such disclosure after noticed motion and upon good cause
13 shown.

14 4. **DURATION**

15 Even after final disposition of this action, the obligations imposed by this Order
16 shall remain in effect until a Producing Party agrees otherwise in writing or this
17 Court's order otherwise directs. Final disposition shall be deemed to be the later of (1)
18 dismissal of all claims and defenses in this action, with prejudice; and (2) final
19 judgment herein after the completion and exhaustion of all writs, appeals, rehearings,
20 remands, trials, or reviews of this action, including the time limits for filing any
21 motions or applications for extension of time pursuant to applicable law.

22 5. **DESIGNATING PROTECTED MATERIAL**

23 5.1 <u>Exercise of Restraint and Care in Designating Material</u>
24 <u>"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES</u>
25 <u>ONLY"</u>. Each Party or Non-Party that designates information or items as
26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
27 ONLY" under this Order must take care to limit any such designations to specific
28 material that qualifies under the appropriate standards. To the extent practical, the

Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that may reasonably qualify. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 **Manner and Timing of Designations**. Designation of Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page of the document that contains such material at the time of production. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion by making appropriate markings in the margins, to the extent practicable, and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY". Then, before producing the specified documents, the Producing Party

must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to all such Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion by making appropriate markings in the margins, to the extent practicable, and must specify, for each portion, the level of protection being asserted.

(b) for information given in response to interrogatories or requests for admission, that the Producing Party designate, at the time the response is served, that part of the response that qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

(c) for testimony given in deposition, that the Designating Party identify on the record, before the close of the deposition, all testimony that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY". When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 14 days to identify the specific portions of the testimony as to which such protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" under the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

Parties shall give the other Parties notice if they reasonably expect a deposition to include "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material so that the other Parties can ensure that only authorized individuals who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

Deposition transcripts containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY". The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the time of production. If only a portion or portions of the information or item warrant such protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and identify the level of protection being asserted.

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of information as "<u>CONFIDENTIAL</u>" or "<u>HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY</u>" at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the proceedings, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Intervention by the Court</u>.  The Parties shall meet and confer in good faith to resolve disputes regarding confidentiality designations.  If the Parties cannot resolve a challenge without intervention by the Court, the Challenging Party shall file a motion for an order de-designating the discovery as confidential under this Protective Order.

The burden of persuasion in any such proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the Challenging Party's motion.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1   <u>Basic Principles</u>.  A Receiving Party may only use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this matter for purposes of prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the case has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

1  location and in a secure manner that ensures that access is limited to the persons
2  authorized under this Order.

3      7.2    <u>Disclosure of "CONFIDENTIAL" Protected Material</u>.  Unless otherwise
4  ordered by the Court or permitted in writing by the Designating Party, a Receiving
5  Party may disclose <u>"CONFIDENTIAL"</u> Protected Material only to:

6      (a) the Receiving Party's Outside Counsel of Record in this action, as well
7  as employees of said Outside Counsel of Record to whom it is reasonably necessary to
8  disclose the information for this action;

9      (b) the Receiving Party, including officers, directors, and employees
10 (including Designated Counsel) of the Receiving Party or an indemnitor of the
11 Receiving Party (including Designated Counsel of the indemnitor) to whom disclosure
12 is reasonably necessary for this action and who have signed the "Acknowledgment and
13 Agreement to Be Bound" (Exhibit A);

14     (c) Experts (as defined in this Order) of the Receiving Party to whom
15 disclosure is reasonably necessary for this action and who have signed the
16 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17     (d) the Court and the Court's staff;

18     (e) court reporters and their staff, professional jury or trial consultants,
19 and Professional Vendors to whom disclosure is reasonably necessary for this action
20 and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit
21 A);

22     (f) during their depositions, witnesses in the action to whom disclosure is
23 reasonably necessary and who have signed the "Acknowledgment and Agreement to
24 Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered
25 by the Court; and

26     (g) the author or recipient of a document containing the information or a
27 custodian or other person who otherwise possessed or knew the information.

28

      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated <u>"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"</u> only to:

      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

      (b) Designated Counsel of General Electric Company and GE Aviation Systems LLC (collectively, "GE");

      (c) Experts (as defined by this Order) of either Party (1) to whom disclosure is reasonably necessary for this action, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the Court and the Court's staff;

      (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

      (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); Pages of transcribed deposition testimony or exhibits to depositions that reveal <u>"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"</u> Information must be separately marked by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

      (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (h) defendants, but only in the presence of their Outside Counsel, at their Outside Counsel's office, and for no longer than one (1) hour at a time for a given document.  In the event of such limited, supervised disclosure, defendants shall not be

permitted to take any notes concerning, or make any reproductions of any kind of any "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Notwithstanding this subsection 7.3(h), defendant's counsel may not disclose any names of files or lists of file names marked as "HIGHLY CONFIDENTIAL."

7.4   Disclosure to Experts.  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, and (2) attaches a copy of the Expert's current resume, including current employer(s).

7.5   A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 3 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.  If an objection is made, the Parties shall meet and confer, and if no agreement is reached, the Designating Party shall file a motion for protective order preventing disclosure of Protected Material to the expert.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Producing Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action. Such information produced by Non-Parties in connection with this matter is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from the Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection from the Court of its Protected Material.

10. **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) was or were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

If information is produced in discovery that is subject to a claim of privilege or of protection as attorney work product or otherwise protected from disclosure, the Party making the claim may notify any Party that received the information of the claim and request immediate return of the produced information. After being notified, a

Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. Inadvertent production of privileged or work product information shall not be deemed a waiver of the privilege.  If a Receiving Party believes the information should have been produced, the Parties shall meet and confer and bring any dispute to the attention of the Court.  This effort to meet and confer and resolve the dispute shall not justify any delay in the Receiving Party's destruction or return of the material.

12. **FILING PROTECTED MATERIAL**

In the event that any documents containing Protected Material (including information copied or extracted from Protected Material; copies, excerpts, summaries, or compilations of Protected Material; and any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material) are filed with the Court, the Party filing the Protected Material must comply with Central District of California Local Rule 79-5.1, or, where applicable, any Standing Order regarding under-seal filings, and show that sealing of the Protected Material is permitted under the law of this Circuit.

13. **MISCELLANEOUS**

13.1 **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 **Right to Assert Other Objections.**  By agreeing to this Protective Order, no Party waives any right or privilege it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order, including, but not limited to any protections afforded by the Fourth and Fifth Amendments to the U.S. Constitution.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  Under no circumstances shall a Receiving Party's decision not to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation be interpreted to mean or used to argue that the Receiving Party

admits or agrees such information actually qualifies for the designation. Furthermore, nothing in this Protective Order shall diminish any Designating Party's right to contend in any other proceedings that information produced herein without a designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" is nonetheless proprietary and subject to appropriate protection under applicable law.

13.3   **No Waiver.**  The failure to object to any designation or any such action or omission, shall not constitute a waiver of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary, is or is not entitled to particular protection, or that such information embodies trade secrets.

13.4   **Advice of Counsel to Party.**  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on materials produced by any party or non-party; provided, however, that in rendering such advice, counsel shall not disclose, reveal, or describe any such materials except insofar as allowed under the terms of this Order.

13.5   **No Probative Value.**  The fact that information is designated "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information or material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue in this case, provided that in doing so the party complies with Section 6 of this Protective Order.  Absent a stipulation of all parties, the fact that information has been designated confidential under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be

advised of such designation. The fact that any information is disclosed, used, or produced in discovery or trial herein shall not be construed as admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

13.6 **Amendment.** Either party may move the Court to amend this Protective Order at any time. Moreover, parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Protective Order.

13.7 **Court's Jurisdiction.** The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may deem appropriate.

14. **FINAL DISPOSITION**

Within 60 days after the final disposition of this case, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). Nothing in this section shall prohibit the Parties from maintaining

1  disaster recovery backup tapes or backup servers that contain backup copies of the
2  Protected Material so long as the Protected Material will be destroyed from those
3  backups in the ordinary course of recycling the backup materials, and so long as the
4  Parties do not restore or access the Protected Material from the backup tapes or
5  servers.

7  Respectfully submitted by:

8  Dated:  April 24, 2014                                Dated:  April 24, 2014
9  SCOTT A. EDELMAN                                     ABRAHAM MATHEW
   ANGELIQUE KAOUNIS                                    MATHEW & GEORGE
10 GIBSON, DUNN & CRUTCHER LLP

12 By:_____     By:_____
13 Angelique Kaounis                                    Abraham Mathew
14 Attorneys for General Electric Company               Attorneys for Erwin W. Liang

18 **IT IS SO ORDERED.**

19                                                       *Carla M. Woehrle*
20 DATED:  4/25/2014                  _____
21                                                      HON. CARLA WOEHRLE